UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA E. STEARNS, | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| CAROLYN W. COLVIN, Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

NO.    CV-11-0339-WFN

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

Before the Court are cross-Motions for Summary Judgment (ECF Nos. 13 and 17).
Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney
Jeffrey R. McClain represents Defendant.  The Court has reviewed the administrative record
and briefs filed by the parties and is fully informed.

**JURISDICTION**

Plaintiff protectively applied for disability insurance and social security income [SSI]
benefits on April 10, 2009, alleging disability beginning on September 11, 2008.  The
application(s) were denied initially and on reconsideration.

At a hearing before Administrative Law Judge [ALJ] Marie Palachuck on June 30,
2010, Plaintiff, represented by counsel; medical experts, Sergio R. Bello, M.D. and Ronald

---

[1]    Carolyn W. Colvin became the Acting Commissioner of Social Security on
February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn
W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action
need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 1

Klein, Ph.D.; and an impartial vocational expert, K. Diane Kramer, testified.  The Appeals Council denied Ms. Stearns' request for review making the ALJ's decision the final decision of the Commissioner.  Pursuant to 42 U.S.C. § 405(g), this final decision is appealable to the district court.  Plaintiff sought judicial review on December 1, 2011.

## FACTS

The facts of the case are set forth in detail in the transcript of the proceedings and are briefly summarized here.  At the time of the hearing Ms. Stearns was 31 years old (Tr. 56).  She had three children ages 18 months to 7 years who reside with her (Tr. 56).  She completed the ninth grade, then obtained a GED (Tr. 57).  She became certified as a phlebotomist and worked as a phlebotomist for a few years (Tr. 57).  She also held a series of jobs unrelated to her training.  As a young person, she was diagnosed with lupus which went into remission when she was about 16 years old (Tr. 60).  The lupus returned when she was pregnant in August, 2008 and the symptoms had not entirely disappeared at the time of the hearing (Tr. 60).  One symptom causes issues with connective tissue which affects her hands and joints (Tr. 64).  She also has syncope which started when she was 12 years old, but has become more severe in the last five years (Tr. 61).  She testified to some physical limitations, but none that affected her ability to care for her children or perform housework (Tr. 66).

## ADMINISTRATIVE DECISION

The ALJ found that Ms. Stearns was not disabled under sections 216(I) and 223(d) of the Social Security Act.  At step one, the ALJ found that the claimant had not engaged in substantial gainful activity since the alleged onset of disability (Tr. 19).  At step two, the ALJ found two severe impairments: possible neurocardiogenic syncope and mixed connective tissue disorder, but the ALJ determined that claimant's depressive disorder imposed no more than a minimal limitation upon her ability to do work related activities (Tr. 19 and 25).  At step three, the ALJ determined that the claimant does not have an

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 2

1   impairment or combination of impairments in 20 CFR Part 404, Subpart P, Appendix 1

2   (TR. 26).  The ALJ assessed the claimant's residual functional capacity and determined that

3   she can perform light work (Tr. 26).  At step five, the ALJ decided claimant is capable of

4   performing past relevant work (Tr. 28).  Accordingly, the ALJ determined that the claimant

5   has not been under a disability (Tr. 28).

6                              **STANDARD OF REVIEW**

7          In *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the

8   standard of review:

9          A district court's order upholding the Commissioner's denial of benefits is
           reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).
10         The decision of the Commissioner may be reversed only if it is not supported
           by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d
11         1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more
           than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another
12         way, substantial evidence is such relevant evidence as a reasonable mind
           might accept as adequate to support a conclusion. *Richardson v. Perales*, 402
13         U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational
           interpretation, the court may not substitute its judgment for that of the
14         Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social
           Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
15

16         The ALJ is responsible for determining credibility, resolving conflicts in
           medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d
17         1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de
           novo*, although deference is owed to a reasonable construction of the applicable
18         statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).
19

20         It is the role of the trier of fact, not this court, to resolve conflicts in evidence.

21  *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the

22  court may not substitute its judgment for that of the Commissioner.  *Tackett,* 180 F.3d at

23  1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision

24  supported by substantial evidence will still be set aside if the proper legal standards were not

25  applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health

26  and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence exists to

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 3

support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ISSUES

Ms. Stearns raises two alleged errors. First, she argues that the ALJ improperly rejected the Dr. Pollack and Dr. Chandler's opinions which caused the ALJ to erroneously determine that claimant did not have a severe mental impairment. Second, she argues that the ALJ failed to properly consider claimant's testimony regarding her symptoms from her impairments.

## DISCUSSION

An ALJ must review the medical record and cite valid reasons for rejecting a doctor's opinion when determining function limitations. "If a treating or examining doctor's opinion

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 4

1    is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific
2    and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427
3    F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995)
4    "In short, '[a]n ALJ may reject the testimony of an examining, but non-treating physician, in
5    favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons
6    for doing so, and those reasons are supported by substantial record evidence.'" *Lester v.*
7    *Chater*, 81 F.3d 821, 831 (9th Cir. 1995) (citing *Roberts v. Shalala*, 66 F.3d at 184 upholding
8    ALJ's decision to reject examining psychologist's functional assessment that conflicted with
9    his own written report and test results). The reason for rejecting the opinion must be
10   permissible, "the purpose for which medical reports are obtained does not provide a
11   legitimate basis for rejecting them." *Id* at 832.

12       The ALJ properly rejected Dr. Pollack's opinion and thus properly concluded that
13   claimant does not suffer from a severe mental impairment. The reason that the ALJ gave for
14   rejecting Dr. Pollack's opinion was the "lack of any historical treatment notes." (Tr. 25). As
15   well as "marked limitations are a consistent factor in Dr. Pollack's past reports and are
16   inconsistent with his own narrative as well as with the longitudinal record." (Tr. 25). In
17   other words, a past history of finding marked limitations in every case coupled with internal
18   inconsistences in the report caused the ALJ to reject Dr. Pollack's opinion based on
19   substantial evidence. Though Ms. Stearns argues that the claim that the report contradicts
20   the findings is boilerplate, it is clear from the ALJ's opinion that she found specific reasons
21   for this finding. She notes that the GAF score and report of marked limitations contradicts
22   Dr. Pollacks "largely benign evaluation." (Tr 25).

23       In her Reply Ms. Stearns argues that the ALJ failed to set forth reasoning for "basically
24   rejecting Dr. Chandler's opinion." (ECF No. 19). However, the ALJ addressed Dr.
25   Chandler's report in some detail noting that Ms. Stearns may have "possible limitations
26   related to her medical conditions, but not necessarily from any psychological condition."

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 5

(TR. 25).  This assessment conforms to Dr. Chandler's opinion.  The medical expert at the hearing, Dr. Klein, echoed a similar finding.  The weight of the medical opinions support the ALJ's decision.

      "To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ concluded that while claimant "seemed sincere in her testimony, [. . .]Dr. Bello testified that it was difficult to determine if  her subjective testimony was credible." (Tr. 27).  The ALJ noted that while claimant reported to two examining physicians frequent episodes of lighthead-edness,  she had not mentioned this issue to her treating physicians.  Further, the ALJ noted that the claimant's reported activities, including caring for three small children, including a toddler, and driving without restrictions, were inconsistent with her reported limitations.  These inconsistencies provide a legitimate basis for the ALJ to find the claimant not credible.

**CONCLUSION**

      Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error.  Accordingly,

      **IT IS ORDERED** that:

      1.  Defendant's Motion for Summary Judgment, filed January 22, 2013, **ECF No. 17**, is **GRANTED.**

      2.  Plaintiff's Motion for Summary Judgment, filed December 5, 2012, **ECF No. 13**, is **DENIED**.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 6

1    The District Court Executive is directed to file this Order and provide copies to

2    counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED.**

3        **DATED** this 26th day of June, 2013.

4

5                                    s/ Wm. Fremming Nielsen
                                     _____
6    06-20-13                        WM. FREMMING NIELSEN
                                     SENIOR UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 7